THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                             )
     v.                  )
                             )   No. 04-10363-DPW
WILLIAM STANLEY, <u>et al.,</u>    )
                             )
        Defendants.     )

## <u>GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS</u>

The United States of America submits the attached jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The government requests that the Court instruct the jury in accordance with the proposed instructions, in addition to other instructions normally given. The government reserves its right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case. A proposed jury verdict form is attached hereto.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney
By: <u>/s/ Nancy Rue       </u>
NANCY RUE
Assistant U.S. Attorney

June 15, 2006

## PROPOSED INSTRUCTION:  DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

**AUTHORITY:**  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.01 (1998 Edition).

1

## PROPOSED INSTRUCTION:  OVERVIEW OF THE CASE

In this case, Defendants are charged with conspiring to possess with intent to distribute marijuana.  It is also alleged that this offense involved one hundred kilograms or more of a mixture or substance containing a detectable amount of marijuana.

**PROPOSED INSTRUCTION:   PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendants before you have the benefit of that presumption throughout the trial, and you are not to convict any of them of a particular charge unless you are persuaded of his or her guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime or crimes with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  Each defendant has the right to rely upon the failure or inability of the government to establish beyond a

4

reasonable doubt any essential element of a crime charged against him.

You are to deliberate as to each defendant separately.  If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to any defendant's guilt, it is your duty to acquit that defendant.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict that defendant.

**Authority:** Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.02 (1998 Edition).

### **PROPOSED INSTRUCTION:  WHAT IS EVIDENCE; INFERENCES**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

**Authority:**  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.04 (1998 Edition).

## PROPOSED INSTRUCTION:  KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence:  direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**Authority:**  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.05 (1998 Edition).

8

## PROPOSED INSTRUCTION:  WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  In this case, there were subsequent charges which are contained in the Superseding Indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That

10

indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that a defendant has been indicted is no evidence whatsoever of his or her guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The indictment proves nothing.

**Authority:**  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.08 (1998 Edition).

## PROPOSED INSTRUCTION:  CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

**Authority:**  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.06 (1998 Edition).

12

## PROPOSED INSTRUCTION:  IMPEACHMENT OF WITNESS'S TESTIMONY BY PRIOR CONVICTION

You have heard evidence that certain witnesses have previously been convicted of a crime.  You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to those witnesses' testimony.

**Authority:**  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.03 (1998 Edition).

14

## **PROPOSED INSTRUCTION:  CAUTION AS TO COOPERATING WITNESS TESTIMONY**

You have heard the testimony of several of the government's witnesses who participated in the crimes charged against the defendant and provided evidence under agreements with the government.  Some people in this position are entirely truthful when testifying.  Still, you should consider this testimony with care and caution.  When evaluating the credibility of such a witness, you may consider whether he had reason to make up stories or exaggerate what others did to be helpful to law enforcement.

**Authority:** Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.07 (1998 Edition).

**PROPOSED INSTRUCTION:   "ON OR ABOUT" and "IN OR ABOUT"- EXPLAINED**

The Superseding Indictment charges that the offense in Count One was committed from "[f]rom a time unknown but at least by in or about October 2004, and continuing to on or about November 8, 2004." Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

**Authority:**  Adapted from Devitt, Blackmar, Wolff, and O'Malley, <u>Federal Jury Practice and Instructions</u>, §13.05 (4th ed. 1992).

17

**PROPOSED INSTRUCTION:  LANGUAGE OF THE INDICTMENT:  CONJUNCTIVE AND DISJUNCTIVE**

Although the Superseding Indictment charges in the conjunctive "and," that is, it says that the defendants knowingly and intentionally conspired with each other and others to possess with intent to distribute <u>and</u> to distribute marijuana, the government only needs to prove in the disjunctive "or."  In plain English, it is sufficient for the government to prove that the defendant conspired to possess marijuana with intent to distribute it <u>or</u> conspired to distribute marijuana.

Similarly, in Count 3, when the Superseding Indictment says in the conjunctive that defendant Kevin McIver maintained a warehouse for the purpose of storing <u>"and"</u> distributing marijuana, it is sufficient for the government to prove that McIver maintained the warehouse for the purpose of storing <u>"or"</u> distributing marijuana.

18

**Authority:**  <u>United States v. McCann</u>, 465 F.2d 147, 162 (5th Cir. 1972); <u>Fields v. United States</u>, 408 F.2d 885, 887 (5th Cir. 1969).

## PROPOSED INSTRUCTION:  DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that a defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

**Authority:**  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.03 (1998 Edition).

20

## PROPOSED INSTRUCTION: CONSPIRACY

A conspiracy is an agreement or mutual understanding knowingly made or knowingly entered into by at least two persons to violate the law by some joint or common plan or course of action.  The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve some unlawful purpose.

The crime of conspiring to violate Title 21, United States Code, Section 846 -- that is, conspiring to possess with intent to distribute and to distribute marijuana -- is independent from the crime of actually distributing marijuana.  The law refers to the object of the conspiracy -- in this case, the distribution or possession with intent to distribute marijuana -- as the substantive crime.

**AUTHORITY:**  Adapted from 1 L.B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, ¶19.01 (1993). <u>See also</u> <u>United States v. Flores-Rivera</u>, 56 F.3d 319, 324 (1st Cir. 1995)(elements of conspiracy to import cocaine established, absent actual importation of cocaine, where there was knowing and voluntary participation in conspiracy, and intent to effectuate object of conspiracy), <u>citing</u>, <u>United States v. Piper</u>, 35 F.3d 611, 615 (1st Cir. 1994), (defining "intent to commit" object of conspiracy as "an intent to effectuate the commission of the substantive offense.  A defendant need not have had the intent to personally commit the substantive crime.")

## PROPOSED INSTRUCTION:  CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND TO DISTRIBUTE MARIJUANA
### [21 U.S.C. § 846]

Defendants are accused in Count One of the indictment with conspiracy to possess with intent to distribute and to distribute one hundred kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.  It is against federal law to conspire with someone commit this crime.

As to each defendant, in order for you to find the defendant guilty of conspiracy, you must be convinced that the government has proven both of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between the defendant and at least one other person (who may or may not be a co-defendant) to possess with intent to distribute or to distribute marijuana; and

Second, that the defendant willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims

22

and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed -- that is to say, with bad purpose, either to disobey or disregard the law -- not to act by ignorance, accident or mistake.  The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy:  an intent to agree, and an intent, whether reasonable or not, that the underlying crime be committed.  Mere presence at the scene of a crime is not enough alone, but you may consider it among other factors.  Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words or actions.  You need not find that the defendant agreed specifically to, or knew about all the details of, the crime, or knew every other co-conspirator, or that he participated in each act of the agreement, or played a major role, but the government must prove beyond a reasonable doubt that the defendant knew the essential features and general aims of the venture.  Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but

simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the crime to possess with intent to distribute or to distribute marijuana.

The term possess means to exercise authority, dominion or control over something. The law recognizes different kinds of possession.

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term possession in these instructions, I mean constructive as well as actual possession.

Possession also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word possession in these instructions, I mean joint as well as sole possession.

**Authority:** Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §§4.03, 4.22 (1998 Edition).

24

## PROPOSED INSTRUCTION:  CONSPIRACY TO DISTRIBUTE MARIJUANA--DRUG QUANTITY
### [21 U.S.C. § 846]

Each defendant is accused in Count One of the indictment with conspiracy to possess with intent to distribute or to distribute one hundreds kilograms or more of marijuana.

For you to find the defendant guilty of this charge, you must find beyond a reasonable doubt:

1) that the defendant participated in a conspiracy, as I have just described it to you, and

2) that the conspiracy involved one hundred kilograms or more of a mixture or substance containing a detectable amount of marijuana.

You need not determine the precise amount of drugs involved in the conspiracy.  To find the defendant guilty of this charge, you need only determine, beyond a reasonable doubt, that the conspiracy involved one hundred kilograms or more of a mixture or substance containing a detectable amount of marijuana.

**Authority:**  Derman v. United States, 298 F.3d 34, 42 (1st Cir. 2002); Apprendi v. New Jersey, 530 U.S. 466 (2000); see United States v. Booker, 125 S. Ct. 738 (2005).

25

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

I have admitted into evidence certain acts and statements of various individuals because these acts and statements are alleged to have been committed during the course and in furtherance of the conspiracy.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy in furtherance of the common purpose of the conspiracy, are deemed under the law to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions. This is so even if the acts or statements in question were done or made in the absence of the defendant and without his knowledge.

However, before you consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during

the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the defendant.

**Authority:**  United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977); L.B. Sand, Modern Federal Jury Instructions: Criminal, §19-9 (1990); United States v. Angiulo, 847 F. 2d 956, 969 (1st Cir. 1988) ("As long as it is shown that a party, having joined a conspiracy, is aware of the conspiracy's features and general aims, statements pertaining to the details of plans to further the conspiracy can be admitted against the party even if the party does not have specific knowledge of the acts spoken of.").  Devitt and Blackmar, Federal Jury Practice and Instructions, §14.13 (3d ed. 1977).

**PROPOSED INSTRUCTION: POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE**

Each defendant is accused of possessing marijuana on or about November 8, 2004 with intent to distribute it to someone else.  It is against federal law to have marijuana in your possession with the intention of distributing it  to someone else.  For you to find a defendant guilty of this crime you must be  convinced that the government has proven each of these things beyond a  reasonable doubt:

First, that that defendant on that date possessed marijuana, either actually or constructively;

Second, that he or she did so with a specific intent to distribute the controlled substance over which he/she had actual or constructive possession; and

Third, that he or she did so knowingly and intentionally.

It is not necessary for you to be convinced that a defendant actually delivered the marijuana to someone else, or that he or she made any money out of the transaction.  It is enough for the government to prove, beyond a reasonable doubt, that he or she had in his or her possession what he or she knew was a controlled substance and that he or she intended to transfer it or some of it to someone else.

A person's intent may be inferred from the surrounding circumstances.  Intent to distribute may, for example, be inferred from a quantity of drugs larger than that needed for

29

personal use.  In other words, if you find that the defendant possessed a quantity of marijuana —more than that which would be needed for personal use—then you may infer that the defendant intended to distribute marijuana.  The law does not require you to draw such an inference, but you may draw it.

The term "possess" means to exercise authority, dominion or control over something.  The law recognizes different kinds of possession.  "Possession" includes both actual and constructive possession.  A person who has direct physical control of something on or around his or her person is then in actual possession of it.  A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it.  Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.  "Possession" also includes both sole possession and joint possession.  If one person alone has actual or constructive possession, possession is sole.  If two or more persons share actual or constructive possession, possession is joint.  Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

**Authority: First Circuit Pattern Instruction 4.22**

**PROPOSED INSTRUCTION: COUNT 3 MAINTAINING DRUG INVOLVED PREMISES**

Defendant Kevin McIver is charged in Count 3 of the Superseding Indictment with the crime of maintaining a drug involved premises, as charged in Count 3 of the Superseding Indictment.  This crime has three essential elements:

> First, the defendant managed or controlled the warehouse at 239 Rangeway Road, Billerica, MA;

> Second, the defendant did so as an owner, agent or employee; and

> Third, the defendant knowingly and intentionally made the location 239 Rangeway Road, Billerica, MA, available for use in or about November 2004,  with or without compensation for the purpose of unlawfully storing or distributing marijuana.


Defendant McIver managed or controlled 239 Rangeway Road, Billerica, in or about November 2004 for the purpose of unlawfully storing or distributing marijuana if a significant purpose for the location was the storing or distributing of marijuana.  Storing or distributing marijuana need not be the sole or primary purpose for which the place was used.


Under this statute, a separate offense is committed each day a narcotics facility is "made available."

31

**Authority:**  United States v. Banks, 987 F.2d 463, 466 (7th Cir. 1993);  United States v. Cooper, 966 F.2d 936, 945 (5th Cir. 1992); United States v. Thomas, 956 F.2d 165, 166 (7th Cir. 1992); United States v. Roberts, 913 F.2d 211, 220 (5th Cir. 1990); United States v. Chen, 913 F.2d 183, 189-90 (5th Cir. 1990).

**PUNISHMENT**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

**Authority**: L. B. Sand, Modern Federal Jury Instructions: Criminal, §9-1 (1990).

### <u>MARIJUANA: SCHEDULE I CONTROLLED SUBSTANCE</u>

As a matter of law, I instruct you that marijuana is a Schedule I controlled substance.  You must take this as a fact.

**Authority:**  21 U.S.C. §§ 802(6), 812.

35

## **FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.

**Authority:** Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.01 (1998 Edition).

36

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

**Authority:** Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.02 (1998 Edition).

**REACHING AGREEMENT**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest

conviction as to the weight and effect of the evidence simply to reach a verdict.

**Authority:** Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.03 (1998 Edition).

### **RETURN OF VERDICT FORM**

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**[The Court then reads verdict form].**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

**Authority:** Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.04 (1998 Edition).

42

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Authority:**  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.05 (1998 Edition).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Nancy Rue
      Nancy Rue
      Assistant U.S. Attorney
      (617) 748-3260

Dated: June 15, 2006