UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                04-cr-10363 DPW

SANDRA SAUNDERS

### DEFENDANT'S MEMORANDUM IN SUPPORT OF HER
### MOTION TO STRIKE NOTICE
### OF INTENT TO USE PRIOR CONVICTION UNDER 21 U.S.C. 851

Now comes the defendant, by counsel, and submits this memorandum in support of her

Motion to Strike the Information Filed under 21 U.S.C. § 851.

### STATEMENT OF FACTS

The defendant moved for a pre-plea presentence report to be prepared on October 26,

2005. The report was prepared on January 20, 2006, and objections to that report were due

fourteen days later. The final report was prepared on March 6, 2006. The government did not

file objections to the pre-plea presentence report, and the presentence report stated that the

applicable minimum mandatory sentence was 5 years.

On June 8, 2 months after the final presentence report was issued, the government filed

an Information pursuant to 21 U.S.C. § 851. This conviction described therein is intended to

increase the minimum mandatory sentence from 5 years to 10 years. The government did not

object to the minimum mandatory set forth in the Presentence report, nor did they file the

Information prior to the issuance of the final presentence report.

The government only filed the information under 21 U.S.C. § 851 when the defendant

refused to cooperate and testify against her son, who is also a defendant in this case.

-1-

<u>ARGUMENT</u>

1.    <u>The government did not timely file the 21 U.S.C. § 851 Information because it did not file
it before the final presentence report was prepared, and because it did not object to the 5
year mandatory minimum set forth in the presentence report.</u>

"[A] party who decides to forgo a timely objection [to the presentence report] is in a poor position to complain when the sentencing court holds him to the easily foreseeable consequences of that decision." <u>United States v. Martinez-Vargas</u>, 321 F.3d 245, 249 (1st Cir. 2003).   In this case, the government did not raise the issue of the increased minimum mandatory sentence in the form of a presentence report objection.  Further, the government previously supplied the offense description, so it was on notice that the presentence report would be prepared and include the government's statements.

The Information under § 851 must be filed prior to the final presentence report issuing, or else is should be deemed waived.  The government's failure to object to the sections of the presentence report which state the 5 year minimum mandatory sentence must be construed as a waiver of its right to pursue a greater minimum mandatory sentence, and preclude the government from later filing the § 851 Information.  <u>See generally United States v. Martinez-Vargas</u>, 321 F.3d 245, 249 (1st Cir. 2003); Fed. R. Crim. P. 32.

2.    <u>This failure to timely file the § 851 information results in the Court having the discretion
to determine that a five year minimum mandatory applies to the defendant.</u>

The filing of a 21 U.S.C. § 851 notice affects a Court's authority to impose an enhanced sentence, or, in this case, affects the length of the minimum mandatory sentence.  <u>See Prou v.</u>

United States, 199 F.3d 37, 45 (1ˢᵗ Cir. 1999).  Where the Information was improperly filed or

untimely, the Court should sentence the defendant without the increase in the minimum

mandatory due to the prior conviction.  See generally id.

Without the Information being timely filed in this case, the minimum mandatory sentence

is 5 years and not 10 years.  Pursuant to Fed. R. Crim. P. 32, the Court may consider any un-

objected to portions of the Presentence Report as findings of fact.  Therefore, the Court should

strike the 21 U.S.C. § 851 Information, and determine that the minimum mandatory sentence is 5

years.

## CONCLUSION

The defendant's prior charge was noted in the preliminary presentence report.  That initial

presentence report was not objected to by the government.  By failing to object before the final

presentence report was issued, the government should be deemed to have waived its ability to file

the § 851 Notice.

WHEREFORE, for the reasons set forth above, the defendant requests that this Court

strike the 851 Notice and rule that the prior conviction is inadmissible in the trial.

Respectfully Submitted,

Date:   June 23, 2006                          /s/ MELVIN NORRIS
                                              Melvin Norris
                                              260 Boston Post Road
                                              Wayland, MA 01778
                                              (508) 358-3305
                                              BBO# 373900

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.


_____/s/ Melvin Norris
MELVIN NORRIS