UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 04-10363-DPW |
| WILLIAM STANLEY, <u>et al.,</u> | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>GOVERNMENT'S RESPONSE TO MOTION REGARDING 404(b)</u>

The government opposes defendant's motion regarding 404(b) material.

A prior or subsequent bad act is admissible pursuant to Fed. R. Evid. 404(b) if it satisfies a two-part test. First, "a court must determine whether the evidence in question has any special relevance exclusive of defendant's character or propensity; and second, notwithstanding its special relevance, whether the evidence meets the standard set forth in Fed. R. Evid. 403." <u>U.S. v. Decicco</u>, 370 F.3d 206, 211 (1st Cir. 2004).

"[T]he evidence must have 'special relevance' to an issue in the case, such as intent or knowledge, and must not include 'bad character or propensity as a necessary link in the inferential chain.'" <u>United States v. Varoudakis</u>, 233 F.3d 113, 118 (1st Cir. 2000). <u>See also</u>, <u>United States v. Smith</u>, 292 F.3d 90, 98-99 (1st Cir. 2002) (first step in 404(b) analysis is to "assess whether the evidence is specially probative to an issue in the case and is not merely offered to show the defendant's bad

character or propensity for crime."). "Special relevance"
includes, for example, proof of a person's intent or state of
mind to commit a crime, opportunity, knowledge, or absence of
mistake. See United States v. Manning, 79 F.3d 212, 217 (1st
Cir. 1996), cert. denied 117 S.Ct. 147 (1996); United States v.
Brown, 34 F.3d 569, 573 (7th Cir. 1995)(prior bad acts may be
admitted as proof of an element of a crime, such as intent, if
the act demonstrates how the defendant's behavior was purposeful
rather than accidental), cert. denied 513 U.S. 1167 (1995).
Further, if the evidence is, as here, inextricably intertwined
with the charged conduct, it is admissible under Rule 404(b).
United States v. Rodriquez-Estrada, 877 F.2d 153, 156 (1st Cir.
1989).

     Second, under Rule 403, the evidence "may still be excluded
if its probative value is substantially outweighed by the danger
of unfair prejudice." Id. See also United States v. Ferrer-
Cruz, 899 F.2d 135, 137 (1st Cir. 1990); United States v. Kadouh,
768 F.2d 20, 21 (1st Cir. 1985). In balancing the probative
value and risk of undue prejudice of a defendant's prior bad
acts, a district court should bear in mind that Rule 404(b) is a
rule of inclusion, not exclusion. United States v. Carty, 993
F.2d at 1011 (citations omitted) (emphasis added). Thus, the
analysis under Rule 403 is not whether the defendant is
prejudiced by the admission of prior convictions, but whether the
defendant suffers unfair prejudice. United States v. Nickens,

955 F.2d 112, 125 (1st Cir. 1992) (citations omitted) (emphasis added).

In the instant case, Defendant was arrested in physical possession of more than 500 pounds of marijuana.  If identity, intent, or knowledge are disputed, then the fact that defendant previously transported marijuana in bulk is highly probative. The fact that this defendant had previously transported large quantities of marijuana would make a suggestion that defendant transported the marijuana by mistake or without knowing what it was less credible.  U.S v. Spinosa,982 F.3d 620 (1st Cir. 1992)(prior drug sales showed Defendant was not an innocent driver involved in transportation by accident); U.S. v. Landrau-Lopez, 444 F.3d 19,(C.A.1 (Puerto Rico),2006)(evidence of defendant previously loading a suitcase full of cocaine onto an airplane was admissible in subsequent conspiracy charge); United States v. Nickens, 955 F.2d 112 (1st Cir.1992) (upholding evidence of prior conviction for selling cocaine in a cocaine importation case).  While this is highly prejudicial to the defendant, it is not unfairly so.  There is nothing in the evidence that would tend to inflame the passion of the jury or persuade them to decide the case on some factor other than the evidence admitted before them.  This evidence simply prevents defendant from misleading the jury as to her own ability to discern the product she was transporting or her intention to be involved.

Accordingly, the defendant's assertion that this evidence simply goes to propensity should be rejected, and defendant's motion should be denied.

Respectfully Submitted,
MICHAEL J. SULLIVAN
United States Attorney


By:  /s/ Nancy Rue
     NANCY RUE
     Assistant U.S. Attorney

Date: June 27 2006


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Nancy Rue
Nancy Rue
Date: June 27, 2006        Assistant United States Attorney