UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) |
| | ) No. 04-10363-DPW |
| **WILLIAM STANLEY, <u>et al.</u>,** | ) |
| | ) |
| **Defendants.** | ) |

### GOVERNMENT'S OPPOSITION TO SANDRA SAUNDERS' MOTION TO STRIKE INFORMATION REGARDING PRIOR CONVICTIONS

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U. S. Attorney Nancy Rue, respectfully opposes defendant Sandra Saunders' motion to strike the government's filing, pursuant to 21 U.S.C. § 851, of an Information notifying defendant of the government's intention to seek enhanced penalties based on Sandra Saunders' prior drug crimes.

To be effective under Section 851, an information must be filed "before trial, or before entry of a plea of guilty." 21 U.S.C. § 851. These timing requirements are, according to the First Circuit, straightforward. <u>Prou v. United States</u>, 199 F.3d 37, 48 (1st Cir. 1999). Under that precedent, echoing the clear terms of the statute, the Court asserted:

> Section 851(a)(1) straightforwardly declares that no drug offender shall be exposed to an automatic increase in punishment by reason of a prior conviction unless the government, before trial, files an information with the court identifying the conviction(s) upon which it relies. At the time the petitioner's case went forward, it was well-settled (as the government concedes) that "trial," as that term is used in section 851(a)(1), includes jury selection. See <u>United States v. Rice</u>, 43 F.3d 601, 604 (11th Cir.1995); <u>Kelly</u>, 29 F.3d at 1110; <u>United States v. Gonzalez-Lerma</u>, 14 F.3d 1479, 1484 (10th Cir.1994); <u>United States v. White</u>,

>  980 F.2d 836, 840-42 (2d Cir.1992); <u>Johnson</u>, 944 F.2d
>  at 406-07; <u>United States v. Jordan</u>, 810 F.2d 262,
>  268-69 (D.C.Cir.1987); <u>see also</u> <u>United States v.
>  Cartagena-Carrasquillo</u>, 70 F.3d 706, 715 (1st Cir.1995)
>  (holding to like effect shortly after Prou was
>  sentenced).

<u>Prou</u>, 199 F.3d at 48. Applying the clear terms of the statute, the First Circuit has held that a notice filed a day before jury selection begun was timely. <u>United States v. Cartagena-Carrasquillo</u>, 70 F.3d 706, 715 (1st Cir. 1995).

These holdings underscore the purpose of the Information, which is to provide a defendant with "adequate time to make a fully informed decision to plead or stand trial." <u>Prou</u>, 199 F.3d at 47. In this case, defendant Sandra Saunders received the Information on June 8, 2006, more than one month before trial. This is certainly adequate time to make a decision whether or not to proceed with trial.

Defendant Saunders asserts that by seeking and obtaining a pre-plea presentence report, she effectively modified the government's statutory deadline for filing the 851 notice. There is no support in the record or the law for defendant's position. The statute vests the discretion to file an 851 information "in the Executive Branch." <u>Prou</u>, 199 F.3d at 46. Nothing in this Court's order directing preparation of a pre-plea PSR notified the government, assuming for the sake of argument that the Court has such power, of a modification of the statutory deadline. <u>See</u> Docket 126. Just as the government would not be precluded from seeking a superseding indictment after the preparation of a pre-plea PSR, so it cannot be precluded from exercising its statutory discretion under 21 U.S.C. § 851 by such preparation.

For the reasons set forth above, the defendant's motion to strike the government's filing under 21 U.S.C. § 851 has no merit, and the government respectfully submits that the motion should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Nancy Rue
    NANCY RUE
    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Nancy Rue
Nancy Rue
Date: June 28, 2006    Assistant United States Attorney