UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                    04-cr-10363 DPW

SANDRA SAUNDERS

**DEFENDANT SANDRA SAUNDERS' MOTION
TO SEVER TRIAL FROM TRIAL OF ANTHONY SAUNDERS**

Now comes the defendant, by counsel, and requests this Honorable Court to sever the trial of Sandra Saunders from that of Anthony Saunders. As reasons therefore, the defendant assigns the following:

1. The defendant was arrested for possession of marijuana with intent to distribute, aiding and abetting, and conspiracy to distribute marijuana.

2. The government has superseded the indictment to allege that the conspiracy dates back to the fall of 2002, which is much farther back in time than was alleged in the initial indictment.

3. The defendant's defense will be tainted by alleged evidence of her son, Anthony Saunders', involvement in the marijuana distribution conspiracy, and there may be substantial evidence presented in his trial that would prejudice her unjustly.

4. The governments trial brief and subsequent motions regarding Mr. Richard Adams allege that there will be substantial testimony regarding the central role Anthony Saunders played in a distribution conspiracy, and there will be no evidence linking Ms. Saunders to a central role in the conspiracy.

5. Mr. Adams has provided no dates or amounts of marijuana for the transactions that he will allegedly testify to implicating Ms. Saunders, and has been determined so unreliable

        that probation did not use his account in attributing amounts of drugs to either Ms. Saunders or Mr. Romprey in their presentence reports.

6.     The evidence, taken in the light most favorable to the government, would show Ms. Saunders only to have been a driver for her husband Leon Romprey, who pleaded guilty in this case, when he picked up a small portion of the total loads Anthony Saunders was involved in for his own distribution.

7.     The evidence, taken in the light most favorable to the government, would show Mr. Saunders to be the central figure in a vast conspiracy, taking delivery of large quantities of marijuana, and negotiating the purchase and distribution of it.

8.     The evidence of an expansive conspiracy has no probative value relating to Ms. Saunders' alleged guilt, and is extremely prejudicial given that the jury will hear evidence which involves a vast conspiracy irrelevant to her alleged criminal conduct.

9.     Ms. Saunders expects to present testimony in her defense which would be mutually exclusive of the defense of Anthony Saunders, and could potentially inculpate him substantially.

10.     If either defendant testifies in their own defense, the testimony could substantially inculpate the other defendant.

11.     Several of the witnesses may only be able to provide relevant evidence as to Anthony Saunders, and would not be admissible or relevant to Ms. Saunders.

12.     Because of the family relationship, the Jury may, without any evidence, infer a much stronger connection in role between the mother and son, and hold Ms. Saunders accountable for actions she was not involved in.

13.     Because of the disparate amounts of drugs involved in the alleged conspiracy and the amounts alleged to have been in Ms. Saunders automobile, the Jury will have a difficult,

if not impossible, task if it tries to determine how much of the drugs are attributable to Ms. Saunders. The Superseding Indictment charges over 100 kilograms of marijuana in violation of 21 U.S.C. 841(b)(1)(B)(vii) and a guilty finding by the jury involving her in the conspiracy would be unfair and may not reflect her minimal role.

14. The risk, if they are tried together, of the jury drawing a close connection between Ms. Saunders and Anthony Saunders is overwhelming, and the prejudice to Ms. Saunders outweighs any possible benefit to trying the two defendants jointly.

15. Although the First Circuit is replete with cases where denials of severance are upheld, undersigned counsel is not aware of any cases where severance was denied where the case involved a mother and son whose alleged roles in the offense were so different.

WHEREFORE, for the reasons set forth above, specifically the unjust prejudice to Sandra Saunders and the mutually exclusive defenses of the defendants, the defendant requests that this Court sever the trials of the two defendants.

Respectfully Submitted,

Date:  July 7, 2006

/s/ MELVIN NORRIS  
Melvin Norris  
260 Boston Post Road  
Wayland, MA 01778  
(508) 358-3305  
BBO# 373900

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

    /s/ Melvin Norris
MELVIN NORRIS