```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Case No. 04-10363-DPW |
| 5.  ANTHONY SAUNDERS a.k.a    ANTHONY | ) |
|     LUCENTE, a.k.a. "Big T", and | ) |
| 7.  SANDRA SAUNDERS, a.k.a. SANDRA | ) |
|     LUCENTE a.k.a. SANDRA ROMPREY | ) |
|     Defendants | ) |

### GOVERNMENT'S OPPOSITION TO SEVERANCE MOTION OF DEFENDANT SANDRA SAUNDERS

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully opposes defendant Sandra Saunders' motion to sever. Defendant argues that she should be severed from the conspiracy trial against her son because her son had a larger role in the conspiracy. She alleges that the evidence against her son will "spillover" and prejudice her. These allegations do not provide sufficient grounds for severance under the law of the first circuit, and therefore defendant Saunders motion should be denied.

### Facts

Under the testimony expected by the government, CW1 will testify that Tony Saunders was the boss of the marijuana conspiracy. He will testify that he recalls at least 6 loads of marijuana. CW1 will testify that on each load where he was present for the distribution of the marijuana, as opposed to the repackaging, Sandra Saunders picked up marijuana. CW1 recalls specifically seeing Saunders at at least three of the prior

loads.  On one occasion in particular, CW1 recalls Sandra Saunders picking up 15 bags each containing four 3-kilogram blocks (for a total of 180 kilograms).  CW1 was not present during the November 8, 2004 pickup by Sandra Saunders, but law enforcement agents will testify that Sandra Saunders was present and picked up about 500 pounds of marijuana (another 227 kilograms).  Accordingly, the government's evidence establishes that Sandra Saunders was present for at least four loads and well over 400 kilograms, of marijuana.

CW2 will also testify, see docket 233, Exhibit D, that he was told by co-defendant Frederick Pidge that Sandra Saunders picked up marijuana at the warehouse in trash bags on a regular basis.

## Analysis

Coconspirators should be tried together.  See Zafiro v. United States, 506 U.S. 534, 537 (1993).  Under Fed. R. Crim. P. 14, "the court may grant a severance of defendants" if the joinder, which was proper under Rule 8(a), nonetheless prejudices a defendant.  In the First Circuit in particular, the general rule is that "those who are indicted together should be tried together."  United States v. DeLeon, 187 F.3d 60, 63 (1st Cir. 1999) (citation omitted).  Severance therefore should be granted only if a defendant can "demonstrate prejudice so pervasive that it would be likely to effect a miscarriage of justice." DeLeon, 187 F.3d at 63 (citations omitted).  To satisfy this standard, a

defendant must do more than establish that he might have a better chance of acquittal in a separate trial. Id. (citation omitted). The First Circuit warns defendants seeking severance that this is "a difficult battle for a defendant to win." Id. (citation omitted). As the First Circuit has stated:

> When several defendants are named in a unified indictment, there is a strong presumption that they should be tried together. [citations omitted]. To obtain a severance under such circumstances, a defendant must demonstrate extreme prejudice, such as by showing a 'serious risk that a joint trial would compromise a specific trial right,' or would 'prevent the jury from making a reliable judgment about guilt or innocence.'

United States v. Houlihan, 92 F.3d 1271, 1295 (1st Cir. 1996), quoting Zafiro, 506 U.S. at 538-39; United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993). In short, it is not common, and should not be easy, for a defendant, particularly a defendant in a conspiracy case, to win severance. In the context of conspiracy, severance will rarely, if ever, be required. United States v. Flores-Rivera, 56 F.3d 319, 325 (1st Cir, 1995), quoting United States v. Brandon, 17 F.3d 409, 440 (1st Cir. 1994).

Sandra Saunders here claims that the risk of potential negative "spillover" effect of testimony applicable only against one codefendant, if considered against another codefendant, mandates severance of their claims. There is always some measure of prejudice to a defendant who is tried jointly with

codefendants.  See DeLuca, 137 F.3d at 36 ("a measure of evidentiary spillover is a foreseeable concomitant of virtually every joint trial, yet seldom indicates undue prejudice") (citation omitted).  However, such "garden variety prejudice" alone will not suffice in a motion to sever.  United States v. Boylan, 898 F.2d 230, 246 (1st Cir. 1990) (citations omitted).

Here, Sandra Saunders argues that, as a lesser player in the conspiracy, she will be unduly prejudiced by the jury's hearing evidence of criminal activity by her son.  It is well recognized that disparity in evidence admissible against different codefendants, alone, is not a sufficient basis for severance.  See, e.g., United States v. Levy-Cordero, 67 F.3d 1002, 1007 (1st Cir. 1995)(denial of severance appropriate because no evidence of "spillover" merely because "minnow" stands trial with "kingfish").  Any possible prejudice can be avoided by instructions specifying that jurors are to consider separately the charges against each defendant.  E.g., DeLeon, 187 F.3d at 64 (noting, in affirming denial of severance, that limiting instructions had jury consider charges and evidence against defendants individually).

Likewise, merely raising the specter of antagonistic defenses is insufficient to justify severance.  "Mutually antagonistic defenses are not prejudicial per se."  Zafiro, 506 U.S. at 538-39.

In this case, the evidence shows that Anthony Saunders was

4

the kingfish of this conspiracy.  Sandra Saunders was a significant player as well.  Anthony Saunders arranged to distribute marijuana from the McIver warehouse, and Sandra Saunders arranged to pick up the marijuana that her son was distributing.  Evidence about the McIver warehouse is relevant to both of them.  They both interacted with Frederick Pidge, William Stanley, and Richard Adams.  Indeed, there is no evidence that is admissible against Anthony Saunders that would be clearly inadmissible against Sandra Saunders.

## Conclusion

Accordingly, because severance should only be granted in circumstances where the potential prejudice is so great it would constitute a miscarriage of justice, severance is not appropriate here.  Therefore, the government respectfully requests that this Court deny defendant's motion.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                              By:      /s/ Nancy Rue
                                    Nancy Rue
                                    Assistant U.S. Attorney


                           CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system
will be sent electronically to the registered participants as
identified on the Notice of Electronic Filing (NEF).

                                    /s/ Nancy Rue
                                    Nancy Rue
                                    Assistant United States Attorney
Date:    July 28, 2006