UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA
   Plaintiff

v.                                            Crim. No. 04-10363 DPW

SANDRA SAUNDERS
   Defendant.

## MOTION IN LIMINE TO ESTABLISH AN ORDER OF PROOF FOR THE CONSPIRACY CHARGE

The defendant, Sandra Saunders, hereby moves that this Court establish an Order of Proof such that evidence of the alleged conspiracy is presented prior to the government being permitted to alleged statements in furtherance of the conspiracy are admitted.

It is well settled that the government must establish the existence of a conspiracy and a defendants connection to it, by a preponderance of the evidence, as a preliminary matter prior to the admission of statements of alleged coconspirators against a defendant. <u>Bourjaily v. United States</u>, 483 U.S. 171, 175 (1987). However, it is permissible for a judge to admit evidence of alleged coconspirators statements subject to a later motion to strike, or for a mistrial, if the prosecution fails either to prove a conspiracy or that the defendant was part of the conspiracy. <u>United States v. Petrozziello</u>, 548 F.2d 20 (1st Cir. 1977). However, a number of courts have established a "preferred" order of proof which requires that a prima facie case of conspiracy and the defendant's connection to it, be established prior to the admission of any hearsay statements of alleged co-conspirators. See Marcus, Prosecution and Defense of Criminal Conspiracy Cases, Section 5.03 (3) p. 5-75, and cases cited in notes 158 and 159.

The preferred order of proof avoids the problem of the hearsay statements of alleged co-conspirators contaminating the determination of whether a conspiracy exists, and whether the defendant was connected to it. Since those decisions must be made on the basis of evidence of the hearsay statements, and evidence independent of those statements, it is difficult, if not at times impossible, for jurors to forget what they heard from the alleged co-conspirator in determining whether the statements are admissible against a particular defendant. The court, in United States v. Stipe, stated with regard to this issue that:

> The government. . .requests a less formal procedure, one which allows the hearsay to be received on a conditional basis subject to connecting it up. This is not new. It has been practiced by prosecutors for, lo, these many years. During all of this time courts have condemned it. By the time the connected up stage arrives, the evidence is blended so that there is no distinction between hearsay and non-hearsay.

United States v. Stipe, 653 F.2d 446, 449 (6th Cir. 1981); See also United States v. Austin, 786 F.2d, 986, 990 (10th Cir. 1986).

In Austin, the court noted that even though that case was complicated, the government could have presented those witnesses required to establish the conspiracy, and the defendant's connection to it, early in the case. Then the hearsay statements could have been admitted without contaminating the prior decision. The court stated in conclusion:

> We thus take this opportunity to reaffirm that it is far preferable from a standpoint of fair trial procedures, that the government be required to present substantial independent evidence of the conspiracy and each defendant's connection with it before being permitted to introduce conspirator hearsay. Failure to follow the preferred order should be the rare exception rather than the rule.

United States v. Austin, 786 F.2d, 986, 990 (10th Cir. 1986).

The First Circuit has ruled that such an order of proof is within the discretion of the trial judge. United States v. Hathaway, 534 F. 2d 386 (1st Cir. 1978). The court stated that the purpose of requiring proof of a conspiracy and the defendant's connection to it before an co-conspirator's declarations are admitted, is "...to protect each defendant against premature jury exposure to the declarations of co-conspirators." Id. at 401.

If the prosecution proceeds on the less preferred theory by presenting the hearsay statements with the promise to connect it to a conspiracy involving the defendant later in the trial, and then does not present such evidence to the court's satisfaction, the defendant would have only two alternatives. The first would be to move to strike the evidence with appropriate instructions to the jury. The second option would be to move for a mistrial.

The first option is extremely problematic, in that the court is instructing a jury to ignore things they have heard over the course of the trial. The courts have acknowledged that such instructions may be difficult, if not impossible, for jurors to follow, particularly when the statements are of a compelling nature. Further, the introductions of hearsay statements of a non-testifying co-defendant has constitutional implications. The recognition of these factors is the basis of the decision in Bruton v. United States, 391 U.S. 1234 (1968). The Supreme Court in that case recognized that limiting instructions to a jury are not sufficient to prevent misuse by a jury of the confession of a non-testifying codefendant, or to satisfy the confrontation rights of the a defendant.

The second alternative open to the defendant under the present circumstances is to move for a mistrial if a conspiracy or the defendant's connection to it are not proven. United States v. James, 590 F. 2d 575 (5th Cir. 1979, *en banc*); United States v. Cranston, 686 F.2d 56, 58 (1st Cir. 1982). The James court wrote:

> Both because of the danger to the defendant if the statement is not connected and because of the inevitable serious waste of time, energy and efficiency when a mistrial is required in order to obviate such danger, we conclude that the present procedure warrants a statement of a preferred order of proof in such a case. The district court should, whenever reasonably practicable, require the showing of a conspiracy and the connection of the defendant with it, before admitting declarations of a co-conspirator.

United States v. James, 590 F. 2d 575, 582 (5th Cir. 1979).

The advice of Justice Jackson, concurring in Krulewitch v. United States, 336 U.S. 430, 453 (1949), is still prudent: "strictly speaking, the prosecution should first establish prima facie the conspiracy, and identify the conspirators, after which evidence of acts and declarations of each in the course of its execution., are admissible against all."

WHEREFORE, the defendant respectfully requests this court to institute the preferred order of proof set forth above, and require the Government first to prove by a preponderance of evidence, the existence of a conspiracy and the defendant's connection to it before hearsay statements of alleged co-conspirators are admitted in this trial.

Respectfully Submitted,
By her attorney,

Dated: August 8, 2006          /s/ MELVIN NORRIS

Melvin Norris
MA BBO# 373900
260 Boston Post Road
Wayland, MA 01778
508-358-3305

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

      /s/ Melvin Norris
MELVIN NORRIS