UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                                                      04-cr-10363 DPW

SANDRA SAUNDERS

**DEFENDANT SANDRA SAUNDERS' PROPOSED JURY INSTRUCTIONS**

The defendant in the above-captioned matter, Sandra Saunders, hereby requests that this Honorable Court give the following specific instructions to the jury in addition to its usual general instructions:

**PRELIMINARY INSTRUCTIONS**

**REQUESTED INSTRUCTION NO. I.**

The defendant, Sandra Saunders, has pleaded not guilty. Under our system of law, he is presumed innocent and has no obligation to disprove the charge alleged in the indictment, nor to affirmatively prove her innocence. She is not required to produce any witnesses in order to establish her innocence, but rather has an absolute right to insist that the government, which has charged her with an offense, prove that she is guilty of that offense beyond a reasonable doubt.

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Sandra Saunders, has the benefit of that presumption throughout the trial, and you are not to convict her of a particular charge unless you are persuaded of her guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Sandra Saunders is guilty of the crime with which she is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Sandra Saunders. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Sandra Saunders has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against her.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Sandra Saunders's guilt of a particular crime, it is your duty to acquit her of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Sandra Saunders's guilt of a particular crime, you should vote to convict her.

## REQUESTED INSTRUCTION NO. 2

(Parties and Lawyers)

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The defendant, Sandra Saunders, is represented by her lawyer, Melvin Norris.

Sandra Saunders has been charged by the government with violation of a federal law. The charge against Sandra Saunders is contained in the indictment. The indictment is simply the description of the charge against Sandra Saunders; it is not evidence of anything. Sandra Saunders pleaded not guilty to the charge and denies committing the crimes. She is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven her guilt beyond a reasonable doubt.

### REQUESTED INSTRUCTION NO. 3.

(Conduct of the Jury)

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to

pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then. Pattern Instructions 1.07.

## REQUESTED INSTRUCTION NO. 4.

(Evidence, Objections, Rulings, Bench Conferences)

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. Pattern Instruction 1.05.

### REQUESTED INSTRUCTION NO. 5

(Credibility of Witnesses)

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness' ability to see or hear or know the things the witness testifies to; (2) the quality of the witness' memory; (3) the witness' manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by any other evidence; and (6) how reasonable the witness' testimony is when considered in the light of other evidence which you believe. Pattern Instruction No. 1.06.

## **FINAL INSTRUCTIONS**

## **REQUESTED INSTRUCTION NO. 6**

You, as jurors, are the sole judges of the credibility of the witnesses and of the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider, also, any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two (2) or more persons witnessing the incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves. <u>Devitt and Blackmar, Federal Jury Practice and Instructions</u>, par. 17.01.

## REQUESTED INSTRUCTION NO. 7

The testimony of a witness may be discredited or impeached by contradictory evidence, or by evidence that he or she previously made statements which are inconsistent with his or her present testimony, or by testimony from other witnesses that is inconsistent with his or her present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. Devitt and Blackmar, par. 17.08.

## REQUESTED INSTRUCTION NO. 8

You are not required to accept any testimony you have heard in this case, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of this testimony, or because of what he has to gain by testifying, or for other reasons sufficient to you, that such testimony is not worthy of belief. Devitt and Blackmar, par. 17.21.

## REQUESTED INSTRUCTION NO. 9

If your view of the evidence, or lack of evidence, makes you doubt the defendant's guilt because you have not been persuaded that the government has shown the guilt of the defendant

beyond a reasonable doubt, then it is your duty to acquit the defendant. <u>Holland v. United States</u>, 348 U.S. 121 (1954); <u>United States v. Richardson</u>, 504 F.2d 357 (5th Cir. 1974); <u>United States v. Turk</u>, 526 F.2d 654 (5th Cir. 1976).

### REQUESTED INSTRUCTION NO. 10

Sandra Saunders has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

### REQUESTED INSTRUCTION NO. 11

(Impeachment by Prior Inconsistent Statement - if applicable)

You have heard evidence that before testifying at this trial, a witness made a statement concerning the same subject matter as his/her testimony in this trial. You may consider that earlier statement to help you decide how much of his testimony to believe. If you find that the prior statement was not consistent with the witnesses testimony at this trial, then you should decide whether that affects the believability of that witnesses testimony at this trial.

### REQUESTED INSTRUCTION NO. 12

(Impeachment of Witness Testimony by Prior Conviction)

You have heard evidence that a witness has been convicted of a crime. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give that witness' testimony.

## REQUESTED INSTRUCTION NO. 13

(Caution as to Cooperating Witness/Accomplice)

You have heard the testimony of [certain cooperating witnesses]. They:

(1) provided evidence under agreements with the government; and/or

(2) participated in the crime charged against Ms. Saunders; and/or

(3) were granted immunity in exchange for their testimony against Ms. Saunders.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves. See *U.S. v. Wright*, 573 F.2d 681, 685 (1st Cir. 1978); *U.S. v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997); First Circuit Pattern Instructions.

## REQUESTED INSTRUCTION NO. 14

(Immunized Testimony)

Further, you've heard the testimony of certain witnesses, each of whom has testified under a grant of immunity issued by a court. What this means is that the testimony of those individuals may not be used against them in any subsequent criminal proceeding.* Notwithstanding the fact that an immune person may be prosecuted for perjury, you may be cautioned that an immune witness may have a motive to testify in such a way that is favorable to themselves. *See e.g. United States v. Simonelli*, 237 F.3d 19, 29 (1st Cir. 2001).

## REQUESTED INSTRUCTION NO. 15

(Statements by Defendant)

You have heard evidence that Sandra Saunders made a statement in which the government claims she admitted certain facts.

It is for you to decide (1) whether Ms. Saunders made the statement and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement was given and the circumstances tending to corroborate or contradict the version of events described in the statement to the government. *See U.S. v. Fera*, 616 F.2d 590, 594 (1st Cir. 1980).

## REQUESTED INSTRUCTION NO. 16

(Caution as to Cooperating Witness/Accomplice)

You have heard the testimony of cooperating witnesses. They:

(1) provided evidence under agreements with the government; and/or

(2) participated in the crime charged against Ms. Saunders; and/or

(3) were granted immunity in exchange for their testimony against Ms. Saunders.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves. See *U.S. v. Wright*, 573 F.2d 681, 685 (1st Cir. 1978); *U.S. v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997); First Circuit Pattern Instructions.

## REQUESTED INSTRUCTION NO. 17

(Missing Witness)

If it is peculiarly within the power of the government to produce a witness who could give material testimony, or if the witness would be favorably disposed to the government, failure to call that witness may justify an inference that his/her testimony would be unfavorable to the government. No such inference is justified if the witness is equally available or favorably disposed to both parties or if the testimony would merely repeat other evidence. First Circuit Pattern Instruction No. 2.11.

## REQUESTED INSTRUCTION NO. 18

(Conspiracy, 21 U.S.C. §§ 846)

Ms. Saunders is accused of conspiring to commit a federal crime specifically, the crime of Possession with Intent to Distribute Marijuana. It is against federal law to conspire with someone to commit this crime.

For you to find Ms. Saunders guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to Possess with Intent to Distribute Marijuana; and

Second, that Ms. Saunders willfully joined in that agreement; and

Third, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act willfully means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed that is to say, with bad purpose, either to disobey or disregard the law not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before Ms. Saunders can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that Ms. Saunders willfully joined in the agreement must be based upon evidence of his/her own words and/or actions. You need not find that Ms. Saunders agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he/she participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he/she knew the essential features and general aims of the venture. Even if Ms. Saunders was not part of the agreement at the very start, he/she can be found guilty of conspiracy if the government proves that he/she willfully joined the agreement

13

later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime. First Cir. Pattern Inst. No. 4.03.

### REQUESTED INSTRUCTION NO. 19

(Elements of Possession with Intent - 21 U.S.C. §§ 841 (a) (1))

Ms. Saunders is accused of possessing marijuana on or about November 8, 2004 intending to distribute it to someone else. It is against federal law to have marijuana in your possession with the intention of distributing it to someone else. For you to find Ms. Saunders guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that Ms. Saunders on that date possessed marijuana, either actually or constructively;

Second, that she did so with a specific intent to distribute the marijuana over which she had actual or constructive possession; and

Third, that she did so knowingly and intentionally.

It is not necessary for you to be convinced that Ms. Saunders actually delivered the marijuana to someone else, or that she made any money out of the transaction. It is enough for the government to prove, beyond a reasonable doubt, that he/she had in his/her possession what he/she knew was marijuana and that she intended to transfer it or some of it to someone else.

The term possess means to exercise authority, dominion or control over something. The law recognizes different kinds of possession.

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his/her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term possession in these instructions, I mean actual as well as constructive possession. Based on First Cir. Pattern Inst. 4.22.

### **REQUESTED INSTRUCTION NO. 20**

(Definition of Knowingly)

The word knowingly, as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

THE DEFENDANT RESERVES THE RIGHT TO REQUEST ADDITIONAL

INSTRUCTIONS IF APPROPRIATE.

                                                   Respectfully submitted,
                                                   Sandra Saunders
                                                   By her attorney,

Dated: August 14, 2006                                /s/ MELVIN NORRIS

                                                 Melvin Norris
                                                 260 Boston Post Road
                                                 Wayland, MA 01778
                                                 (508) 358-3305
                                                 BBO# 373900

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

                                       /s/ Melvin Norris

                                       MELVIN NORRIS