```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,          )
                                   )
          v.                       )    Case No. 04-10363-DPW
                                   )
ANTHONY SAUNDERS, a/k/a, ANTHONY   )
LUCENTE, a/k/a, "Big T", AND       )
SANDRA SAUNDERS, a/k/a, SANDRA     )
LUCENTE, a/k/a, SANDRA ROMPREY,    )
                                   )
          Defendants.              )
```

**UNITED STATES' BRIEF
ON FORFEITURE ISSUES**

The United States of America, by and through its undersigned counsel, submits the following brief relating to the criminal forfeitures alleged in the Second Superseding Indictment.

**A.    Applicable Forfeiture Statute**

In this criminal action, the United States seeks a money judgment for $12 million in United States currency, on the grounds that it constituted or was derived from proceeds obtained, directly or indirectly, as the result of the drug trafficking crimes alleged in Counts 1 and 2 of the Second Superseding Indictment.

The applicable statute provides that the following property is subject to forfeiture to the United States:

> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of state law ... (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; ...

21 U.S.C. § 853(a).

**B.    Applicable Forfeiture Procedures**

Pursuant to Fed. R. Crim. P. 32.2(b), the criminal trial must be bifurcated into guilt and forfeiture phases. The court must conduct a proceeding to determine the forfeitability of the property as soon as practicable after the court enters a guilty verdict. Fed. R. Crim. P. 32.2(b)(1). Generally, the forfeitability of the property is determined by the court, but in cases where the guilty verdict was returned by a jury, the defendant has the right to ask that the jury be retained to make the forfeitability determination. Fed. R. Crim. P. 32.2(b)(4); United States v. Davis, 177 F. Supp. 2d 470 (E.D. Va. 2001) (under Rule 32.2(b)(4), defendant must make a specific request to have the jury retained to determine the forfeiture).

The court, or the jury at the defendant's request, must find whether there is a nexus between the property that the government asserts shall be forfeited to the United States and each violation of which it finds the defendant guilty. The finder of fact may consider any evidence, including testimony, offered by the parties at any time during the trial. The finder of fact must not consider what happens to any property that is declared forfeited, nor should it consider any claims that other persons may have to the property. The interests that other persons may have in the property will be taken into account by the court at a later time. Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the court at a later time.

C. **Burden of Proof**

The burden of proof regarding forfeitability of property in

a criminal case is preponderance of the evidence.  <u>Libretti v. United States</u>, 516 U.S. 29, 49 (1995) (forfeiture is part of the sentencing phase of a criminal case, and a defendant accordingly has no Sixth Amendment right to have the jury determine the forfeitability of his property); <u>United States v. Keene</u>, 341 F.3d 78, (1st Cir. 2003)(preponderance standard applies to criminal forfeiture).  The forfeiture is not viewed as a separate charge, but as an aspect of punishment imposed following conviction of a substantive offense.  <u>Keene</u>, 341 F.3d at 85-86 (internal quotations and citations omitted).  Thus, the preponderance of the evidence standard applies.  <u>Id.</u> at 86.

**D.   Money Judgment**

Personal forfeiture money judgments are specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure.  Such orders of forfeiture are commonplace.  <u>See</u>, <u>e.g.</u>, <u>United States v. Hall</u>, 434 F.3d 42, 59 (1st Cir. 2006) ("criminal forfeiture may take several forms [including] an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense.")(quoting <u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 42 (1st Cir. 1999)).

**E.   Joint and Several Liability**

Where two or more persons act jointly in committing a violation of the drug laws, then they are jointly and severally liable for the forfeiture of all proceeds of that drug violation.  If a defendant violates the drug laws in concert with others, then he is jointly and severally liable for the full amount of

the proceeds, regardless of who actually took possession of the cash. <u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 44 (1st Cir. 1999), cert. denied, 120 S.Ct. 1559 (2000)(even minor participants in drug conspiracy are jointly and severally liable for forfeiture of the full amount of proceeds reasonably foreseeable).

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                             By:  /s/ Nancy Rue
                                  NANCY RUE
                                  Assistant U.S. Attorney
                                  U. S. Attorney's Office
                                  John Joseph Moakley
                                  United States Courthouse
                                  1 Courthouse Way, Suite 9200
                                  Boston, MA  02210

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                      /s/ Nancy Rue
                                      Nancy Rue
                                      Assistant United States Attorney

Date:    August 14, 2006