UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                              04-cr-10363 DPW

SANDRA SAUNDERS

### DEFENDANT SANDRA SAUNDERS' MEMORANDUM IN SUPPORT OF HER MOTION FOR NEW TRIAL

Now comes the defendant, by counsel, and submits this memorandum of fact and law in support of her Motion for New Trial.

1. <u>From the evidence at trial, it was clear that at least one of the prosecution witnesses was coached by the government, and one can assume that additional testimony may have been coached, resulting in prejudice and uncertainty in the trial. This coaching may have resulted in the government presenting evidence that was tainted.</u>

As the Court is aware, during the government's direct examination of John Arno elicited testimony which indicated that the government coached the witness. During the government's direct examination, the prosecutor asked about a person named "Billy Stanley." The exchange was as follows:

Q:   Who told you his name was Billy Stanley?

A:   Well, no. I knew it was Billy. And you and I had spoke prior to today and mentioned the last name and mentioned his car and - -

Q:   Okay. Prior to hearing it from me or from somebody in my office, did you ever know Billy's last name?

A:   *__No.__* (emphasis added) [Transcript of Direct Examination of John Arno at 11].

The testimony of Mr. Arno was clearly designed to elicit the name and identification by photograph of Billy Stanley. However, Mr. Arno only knew the name because of information supplied by the government prior to the hearing. Further, it appears from Mr. Arno's answer that he may have been supplied additional information by the government that was not disclosed due to the prosecutor's subsequent question.

A defendant may be denied the right to a fair trial as a result of the conduct of the prosecutor in the case. See e.g. United States v. Davis, 367 F.3d 787, 789 (8th Cir. 2004) (Prosecutorial misconduct provides grounds for a new trial when the prosecutor's conduct was improper and prejudicial enough to deprive the defendant of a fair trial).

There is no question that the conduct of the government calls into question the accuracy and veracity of the witness' testimony. While only Mr. Arno admitted that the government 'coached' his testimony in some way, it is probable that this type of coaching occurred in other contexts throughout the trial, especially given the specific details introduced by the government.

This coaching calls into question the fairness of the trial. Since coaching a witness can fairly be considered prosecutorial conduct, the issue becomes "whether prosecutorial misconduct has so poisoned the well that a new trial is required." United States v. Manning, 23 F.3d 570, 574 (1st Cir. 1994). The following factors are particularly relevant: "(1) the severity of the misconduct; (2) the context in which it occurred; (3) whether the judge gave any curative instructions and the likely effect of such instructions; and (4) the strength of the evidence against the defendant." United States v. Manning, 23 F.3d 570, 574 (1st Cir. 1994).

In this case, three of the four factors weigh strongly in favor of the defendant. The severity of the misconduct, while not rising to the level of "unethical" conduct, is high. The

coaching of witnesses, or providing them with information they would not otherwise have, strikes at the very fairness of the trial. Furthermore, it allowed the government to present the evidence it wanted, rather than the testimony of the witnesses as they individually recalled.

The context in which this occurred is equally striking. While the identification by Mr. Arno only applied to Anthony Saunders, the likelihood is that there were other witnesses who testified consistently due to coaching. For example, every witness against Mrs. Saunders testified the exact same way: that there was a **STRONG** smell of marijuana in the van.

Thirdly, the evidence against the defendant was weak, given that there was no evidence that she actually loaded any drugs or knew of the transactions in any way. Without that precisely consistent testimony, there is a great likelihood that Mrs. Saunders would not have been convicted.

While the Court gave a curative instruction in this matter, it did not erase the taint of the testimony. Furthermore, it is unclear how many other witnesses may have been coached. For these reasons, a curative instruction did not guarantee a fair trial.


2.  The denial of Mrs. Saunders' Motion to Sever was unfairly prejudicial to the defendant. While the Court did issue limiting instructions, the amount of evidence admitted against Anthony Saunders that was irrelevant to Mrs. Saunders was so prejudicial that it was impossible for Mrs. Saunders to get fair consideration by the jury.

In this case, the denial of the defendants Motion to Sever deprived her of a right to a fair trial. This resulted in a miscarriage of justice. While "the general rule is that those indicted together are tried together to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources..," this is just such a case where the general rule is inapposite. United

States v. Soto-Beniquez, 356 F.3d 1, 29 (1st Cir. 2004).

The facts of this case are what sets it apart from cases such as Soto-Beniquez and United States v. Casas, 425 F.3d 23, 36-37 (1st Cir. 2005) (where the conspiracy evidence would likely have been generally admissible regardless of severance, and the jury could parse the complicated case). Federal Rule of Criminal Procedure 14 allows a trial court to sever defendants when joinder would prejudice them. The testimony against Anthony Saunders was overwhelming and the evidence against him was highly prejudicial to Mrs. Saunders.

This is not a case where the evidence of the conspiracy as a whole would have been admissible against the defendant independently. Cf. United States v. DeLuca, 137 F.3d 24, 36 (1st Cir. 1998). Instead, there would have been little, if any, evidence of Mrs. Saunders involvement in the conspiracy in this case. Therefore the conspiracy evidence presented against Anthony Saunders would have been wholly irrelevant to Mrs. Saunders.

This Court gave a curative instruction, but that is insufficient to clear the prejudice which was created by the massive amount of evidence relating to a drug conspiracy involving Anthony Saunders. Worse yet, the fact that Mrs. Saunders was the mother of Anthony Saunders makes the prejudicial stain even harder to cleanse. While the curative instruction may be sufficient to preserve the integrity of the judicial proceeding in other cases, in this case the prejudice is simply too great for an instruction to overcome.

CONCLUSION

For the foregoing reasons, the defendant moves that this Court set aside the jury verdict and grant her a new trial on this indictment.

Respectfully Submitted,

Date:   October 2, 2006                          /s/ MELVIN NORRIS
                                                Melvin Norris
                                                260 Boston Post Road
                                                Wayland, MA 01778
                                                (508) 358-3305
                                                BBO# 373900

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

         /s/ Melvin Norris
        MELVIN NORRIS