```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Cr. No. 04-10363-DPW |
| v. | ) | |
| | ) | |
| ANTHONY SAUNDERS, and | ) | |
| SANDRA SAUNDERS, | ) | |
| Defendants. | ) | |

GOVERNMENT'S RESPONSE TO SANDRA SAUNDERS' MOTION FOR NEW TRIAL

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U.S. Attorney Nancy Rue, respectfully submits that the motion for new trial is without merit and should therefore be denied.

I.  Defendant's Allegation that the Government Engaged in Improper Coaching is Baseless.

Defendant Sandra Saunders argues that witness John Arno was impermissibly coached. She argues from that that other witnesses must have been coached, and therefore she is entitled to a new trial. The government respectfully avers that no government attorney engaged in improper coaching of Arno or any other witness, and defendant's allegations to the contrary are not supported by the evidence she cites.

    A.    The information that John Arno knew another defendant was potentially exculpatory of the trial defendants, not inculpatory.

John Arno had a single, limited function in this trial. He established who had -- and who had not -- lived at 16 Loring Street, Belmont, the subscriber address for a telephone in the name of "Megan Maroon" that William Stanley/Billy Kelly called repeatedly on November 8, 2004. Mr. Arno testified that he had lived at 16 Loring Street his whole life, and no one by the name

Megan Maroon lived there.  This evidence, especially when combined with the evidence from Special Agent Kristin Rosenbeck that she was unable to locate Megan Maroon in numerous databases, tends to show that the telephone was subscribed in a false identity.

The fact that John Arno knew defendant Anthony Saunders, and that Anthony Saunders had been to 16 Loring Street on numerous occasions, tends to incriminate Mr. Saunders.  While not conclusive, the fact that the address used for the fictitious subscriber is an address well known to Anthony Saunders is relevant:  it tends to make it "more probable" that Anthony Saunders is the one who selected that address than it would be if the address were not known to Anthony Saunders.  See F.R.E. 401.

The evidence that Arno knew Saunders would be less compelling if Arno also knew other persons who would be likely alternate targets of William Stanley's/Bill Kelly's telephone calls that day.  Arno's statement that Kelly/Stanley may have been to 16 Loring Street supports an argument Stanley used the address to obtain a falsely identified phone, and that Stanley then used this phone himself or gave the phone to an unknown person.

Because the evidence that Arno knew Saunders became less incriminating if Arno knew other persons who were plausible targets of William Stanley's/Billy Kelly's telephone attention on November 8, 2004, it was appropriate for the government to establish in advance whether Saunders was the only person at issue known to Arno, and it was likewise appropriate to elicit

the arguably exculpatory information in front of the jury.

    B.   Defendant's argument as to the "Smell" has no merit.

Defendant argues that the government witnesses must have been lying when they said the marijuana in her van had a strong smell. She further argues that because the case against her was "weak," she could not have been convicted without this false testimony.

Each of the government's witnesses was subjected to the "crucible of cross-examination," see Crawford v. Washington, 541 U.S. 36, 61-62 (2004), arguably "the greatest legal engine ever invented for the discovery of truth." 5 J. Wigmore, Evidence, § 1367 (Chadbourn Rev. 1974). Nothing on cross-examination revealed any evidence that the witnesses were lying. While Mrs. Saunders may believe that being surveilled as 500 pounds of marijuana is loaded in trash bags into the side of a van -- combined with the testimony of an admitted criminal who stated that it had happened on multiple occasions in the past -- is weak evidence, the jury properly found otherwise.

II.   The Court's Ruling Denying Severance Was Proper.

The Court properly denied Mrs. Saunders' motion to sever. The evidence at trial established that both Anthony and Sandra Saunders were members of the conspiracy that brought tons of marijuana into Massachusetts. According to the evidence, Anthony Saunders was a large player, the ringleader, and Sandra Saunders was a smaller player. He coordinated the dealings of the entire organization. She picked up limited -- but still significant --

quantities on multiple occasions.  Under First Circuit law, the decision not to sever these defendants was appropriate.  <u>United States v. Levy-Cordero</u>, 67 F.3d 1002, 1007 (1st Cir. 1995).

For these reasons, the government respectfully submits that defendant's motion has no merit and should be denied.

```
                                Respectfully submitted,

                                MICHAEL J. SULLIVAN,
                                United States Attorney,

                           By:  /s/ Nancy Rue
                                NANCY RUE
                                Assistant U.S. Attorney
                                One Courthouse Way
                                Boston, MA
                                617-748-3260
```

DATED:    October 3, 2006

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

```
                                /s/ Nancy Rue
                                Nancy Rue
                                Assistant United States Attorney
```
Date:     October 3, 2006