UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                                  04-cr-10363 DPW

SANDRA SAUNDERS

### DEFENDANT SANDRA SAUNDERS' SENTENCING MEMORANDUM

Now comes the defendant, and submits this memorandum of fact and law for the consideration of the Court at sentencing.

### FACTUAL BACKGROUND

Ms. Saunders is a 61 year old woman who was married to one of the co-defendants in this case, Leon Romprey,[1] and she was the mother of the co-defendant at trial, Anthony Saunders. She was arrested on December 20, 2004, and has been in custody since that point. On September 18, 2006, she was convicted of Counts 1 & 2 of the indictment.

The defendant will not re-hash all the statements in the presentence report, but there are a few facts which are highly relevant at sentencing.

The first notable fact is that Ms. Saunders, as the testimony at trial showed, was the driver for her husband, Leon Romprey. Mr. Romprey did not have a drivers' license, so Sandra Saunders' role was to drive Mr. Romprey to the warehouse. The entire deal was set up by Mr. Romprey, and any profits to be realized were his. Ms. Saunders had a minimal role in the offense, since she was just the driver.

---

[1] Despite being subpoenaed by the defendant, Mr. Romprey refused to testify at the trial.

Ms. Saunders requested a pre-plea presentence report to determine what the best course of action was, and whether she should plead guilty. After the pre-plea PSR was issued, and before Ms. Saunders plead guilty, the government filed a notice under §851(a)(1). This notice was filed on June 8, 2006, and it had the effect of raising her minimum mandatory sentence from 5 years to 10 years.

Ms. Saunders actually sent a letter to the Court raising this point, and noting that the apparent reason that the § 851 notice was filed was to force her to testify against Anthony Saunders in return for the withdrawal of the Notice. However, Ms. Saunders refused to testify against her son.

On June 29, 2006, Ms. Saunders attempted to plead guilty, but her plea was not accepted by the Court. As a result, Ms. Saunders was forced to go to trial.

It is notable that the § 851 notice was filed approximately 18 months after the indictment, and only after it became evident that Anthony Saunders would be going to trial. Also notable is the fact that it was only filed after Mr. Romprey indicated his intention to plead guilty.

## ARGUMENT

1. <u>If not for the § 851(a)(1) notice, Ms. Saunders would have a substantially lower guideline range and would be most appropriately sentenced to the minimum mandatory term of 60 months</u>.

Ms. Saunders is a mother and a grandmother, and had a very small role in the offense, as she was the driver for her husband. Her criminal history category significantly overstates her criminal history, especially in light of the fact that her last offense was in April, 1991. In fact, that case, 15 years ago, is the case upon which the § 851 notice was based, and therefore was the

basis for the 5 year increase in the minimum mandatory sentence.

The series of events in this case resulted in Ms. Saunders facing a drastically increased minimum mandatory sentence for what is essentially a driving role.  She has missed her daughter's wedding, and she now has cancer, and Ms. Saunders will be held on a long minimum mandatory.

Additionally, according to the Presentence Report, her guideline range is a level 26 with a criminal history category of 2, resulting in a guideline imprisonment range of 70 to 87 months.  Instead, she currently faces 120 months.

The defendant maintains that the § 851 enhancement was improperly submitted, and renews her objection to the enhancement that she filed in June, 2006.

2.       A Forfeiture of Assents in this Case is Inappropriate Against Ms. Saunders.

The defendant maintains that no forfeiture order should be entered against her in this matter.  As the testimony at trial revealed, she was the driver for her husband, and did not have a large role in this offense.  Not only that, but she did not make any profits from the enterprise, and therefore a forfeiture order is inappropriate.

The only involvement Ms. Saunders had in the offense was driving the vehicle with the bags of drugs in the back.  This involvement does not indicate that she profited from the criminal involvement, and the financial information provided by the probation department does not indicate any use of drug proceeds for her living.

**CONCLUSION**

The defendant requests that his Court strike the § 851(a)(1) notice as having been improperly filed, and sentence Ms. Saunders to a term of 60 months incarceration, not impose any fines, and deny any forfeiture requests by the government.

Respectfully Submitted,

Date:  December 6, 2006

/s/ MELVIN NORRIS
Melvin Norris
260 Boston Post Road
Wayland, MA 01778
(508) 358-3305
BBO# 373900


CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

      /s/ Melvin Norris
MELVIN NORRIS