```
                UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
          v.                 )   Criminal No. 04-10363-DPW
                             )
ANTHONY SAUNDERS,            )
SANDRA SAUNDERS,             )
          Defendants.        )
```

**MOTION FOR ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture in the above-captioned case, pursuant to 21 U.S.C. § 853, and Rule 32.2(b) of the Federal Rules of Criminal Procedure.  A proposed Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

   1.  On July 6, 2006, a federal grand jury sitting in the District of Massachusetts returned a three count Second Superseding Indictment charging Defendants Anthony Saunders, a/k/a Anthony Lucente, a/k/a "Big T" and Sandra Saunders, a/k/a Sandra Lucente, a/k/a Sandra Romprey (collectively the "Defendants"), with the following violations:  Conspiracy to Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count One), and Possession of Marijuana With Intent to Distribute and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), and

18 U.S.C. § 2 (Count Two)[1].

2.   The Forfeiture Allegation of the Second Superseding Indictment sought the forfeiture of any and all property constituting, or derived from, any proceeds the Defendants obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, pursuant to 21 U.S.C. § 853.  Such property includes, but is not limited to, the following:

    a.   one 2002 Ford Taurus, Bearing VIN 1FAFP56SC2A115574 and Massachusetts Registration number 62DV40, currently owned by Anthony Saunders, a/k/a Anthony Lucente, a/k/a "Big T"(the "Ford Taurus"); and,

    b.   one white 1999 Ford Econovan, Bearing VIN 1FTRE1420XHA06080 and Massachusetts Registration number US30RG, currently owned by Sandra Saunders, (the "Econovan")[2].

3.   The Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendants (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the

---

[1] Anthony and Sandra Saunders were not charged in Count Three of the Second Superseding Indictment.

[2] The Forfeiture Allegation of the Second Superseding Indictment specifically named three properties as forfeitable to the United States; however, the Defendants only have a valid interest in the Ford Taurus and in the Econovan, and have no ownership or possessory interest in the third property.

jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendants up to the value of the property described as forfeitable in the Forfeiture Allegation.

4.   On September 18, 2006, after a nine-day trial, a jury found Anthony Saunders guilty of the conspiracy offense alleged in Count One of the Second Superseding Indictment, and determined that the conspiracy for which Anthony Saunders was found guilty involved 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana.[3]

5.   Also on September 18, 2006, a jury found Sandra Saunders guilty of the conspiracy offense alleged in Count One of the Second Superseding Indictment, and determined that the conspiracy involved 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana.  The jury also found Sandra Saunders guilty of the possession with intent to distribute offense alleged in Count Two of the Second Superseding Indictment, finding that the offense involved 100 kilograms or more of a mixture or substance containing a

---

[3]Anthony Saunders was found not guilty of the possession with intent to distribute offense alleged in Count Two of the Second Superseding Indictment.

detectable amount of marijuana. Before trial, the Defendants had elected to have the Court determine forfeiture in this action.

6. During trial, as set forth in the Presentence Report in this case, as to which the Defendants have asserted no objections, the government presented evidence establishing that the proceeds traceable to Count One of the Second Superseding Indictment totaled $6,203,568 in United States currency.

7. The United States has not, as of this date, identified any other specific assets that constitute proceeds of the Defendants' illegal drug activity.[4]

8. Accordingly, the United States seeks the entry of an Order of Forfeiture consisting of a personal money judgment against the Defendants, in the amount of $6,203,568 in United States currency, for which they are jointly and severally liable. This amount represents the proceeds of the Defendants' illegal activity charged in Count One of the Second Superseding Indictment for which they have been convicted.

9. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. See, e.g., United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir.

---

[4] The Ford Taurus and the Econovan were forfeited administratively as facilitating property used in connection with the Defendants' drug offenses.

1999)(criminal forfeiture order may take several forms, including an <u>in</u> <u>personam</u> judgment against defendant for amount of money defendant obtained as proceeds of offense).

    9.   Once the Order of Forfeiture is entered, the Government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment, as substitute assets.  <u>See</u> <u>Candelaria-Silva</u>, 166 F.3d at 42 (once government has obtained money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment).

    WHEREFORE, by virtue of the jury's verdict and the evidence presented at trial, a money judgment should be entered against the Defendants.  The United States respectfully requests that this Court enter an Order of Forfeiture in the form submitted herewith.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

                                 By:   <u>/s/Kristina E. Barclay</u>
                                        NANCY RUE
                                        KRISTINA E. BARCLAY
                                        Assistant U.S. Attorneys
                                        1 Courthouse Way, Suite 9200
                                        Boston, MA 02210
Dated: December 8, 2006         (617) 748-3100

**CERTIFICATE OF SERVICE**

    I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing Motion for Order of Forfeiture, as well as the proposed Order of Forfeiture, were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                 /s/Kristina E. Barclay
                                                 Kristina E. Barclay
                                                 Assistant United States Attorney

Dated: December 8, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.        )<br>)<br>ANTHONY SAUNDERS,   )<br>SANDRA SAUNDERS,    )<br>    Defendants.   ) | Criminal No. 04-10363-DPW |

**ORDER OF FORFEITURE**

**WOODLOCK, D.J.**

WHEREAS, on July 6, 2006, a federal grand jury sitting in the District of Massachusetts returned a three count Second Superseding Indictment charging Defendants Anthony Saunders, a/k/a Anthony Lucente, a/k/a "Big T" and Sandra Saunders, a/k/a Sandra Lucente, a/k/a Sandra Romprey (collectively the "Defendants"), with the following violations:  Conspiracy to Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count One), and Possession of Marijuana With Intent to Distribute and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2 (Count Two)[1];

WHEREAS, the Forfeiture Allegation of the Second Superseding Indictment sought the forfeiture of any and all property constituting, or derived from, any proceeds the Defendants obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such

---

[1] Anthony and Sandra Saunders were not charged in Count Three of the Second Superseding Indictment.

violations, pursuant to 21 U.S.C. § 853.  Such property includes, but is not limited to, the following:

      a.    one 2002 Ford Taurus, Bearing VIN 1FAFP56SC2A115574 and Massachusetts Registration number 62DV40, currently owned by Anthony Saunders, a/k/a Anthony Lucente, a/k/a "Big T"(the "Ford Taurus"); and,

      b.    one white 1999 Ford Econovan, Bearing VIN 1FTRE1420XHA06080 and Massachusetts Registration number US30RG, currently owned by Sandra Saunders, (the "Econovan");

WHEREAS, the Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendants (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property described as forfeitable in the Forfeiture Allegation;

WHEREAS, on September 18, 2006, after a nine-day trial, a jury found the Defendants guilty of the conspiracy offense alleged in Count One of the Second Superseding Indictment, and determined that the conspiracy for which Anthony Saunders was found guilty involved 1000 kilograms or more of a mixture or

substance containing a detectable amount of marijuana;

WHEREAS, also on September 18, 2006, a jury found Sandra Saunders guilty of the conspiracy offense alleged in Count One of the Second Superseding Indictment, and determined that the conspiracy involved 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana;

WHEREAS, before trial, the Defendants elected to have the Court determine forfeiture in this action;

WHEREAS, during trial, the government presented evidence establishing that the proceeds traceable to Count One of the Second Superseding Indictment totaled $6,203,568 in United States currency;

WHEREAS, the United States has not, as of this date, identified any specific assets that constitute proceeds of the Defendants' illegal drug activity;

WHEREAS, the United States has filed a Motion for Order of Forfeiture which would consist of a personal money judgment against the Defendants in the amount of $6,203,568 in United States Currency, for which they are jointly and severally liable; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.  The Defendants shall forfeit to the United States the sum of $6,203,568 in United States currency, pursuant to 21 U.S.C. § 853.

2.  This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.  The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amounts set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.  Pursuant to Rule 32.2(b)(3), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court, against the Defendants.

DONE AND ORDERED in Boston, Massachusetts, this _____ day of _____, 2006.

_____
DOUGLAS P. WOODLOCK
United States District Judge