UNITED STATES OF AMERICA

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                                      04-cr-10363 DPW

SANDRA SAUNDERS

## **DEFENDANT SANDRA SAUNDERS' SUPPLEMENTAL SENTENCING MEMORANDUM**

Now comes the defendant, and submits this memorandum to supplement her Memorandum previously filed for the consideration of the Court at sentencing.

FACTS

Forfeiture

The government has moved pursuant to 21 U.S.C. § 853, and Rule 32.2(b) of the Federal Rules of Criminal Procedure for an Order of Forfeiture consisting of a personal money judgment against the Defendants, in the amount of $6,203,568 in United States currency.

Title 21 USCA § 853 of the United States Code allows that property subject to criminal forfeiture if;

> A person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law--

**(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

**(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and

**(3)** in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

Further, § 853 (7)(p), Forfeiture of Substitute Property, states;

(1) In general

Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant--

**(A)** cannot be located upon the exercise of due diligence;

**(B)** has been transferred or sold to, or deposited with, a third party;

**(C)** has been placed beyond the jurisdiction of the court;

**(D)** has been substantially diminished in value; or

**(E)** has been commingled with other property which cannot be divided without difficulty.

(2) Substitute property

In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A)

2

through (E) of paragraph (1), as applicable.

Here, the language of the second superseding indictment sought the forfeiture of any and all property constituting, or derived from, any proceeds the Defendants obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, pursuant to 21 U.S.C. § 853. Also, the indictment specifically sought the forfeiture of one white 1999 Ford Econovan, Bearing VIN 1FTRE1420XHA06080 and Massachusetts Registration number US30RG, owned by the defendant, Sandra Saunders. It is acknowledged that the vehicle has been administratively forfeited.

The indictment also sought, pursuant to 21 USCA § 853 (7)(p), that if any of the forfeitable property, as a result of any act or omission by the Defendants (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendants up to the value of the property described as forfeitable in the Forfeiture Allegation.

ARGUMENT

Here the government claims that it has established that the proceeds traceable to Count One of the Second Superseding Indictment totaled $6,203,568 in United States currency and that an order of forfeiture should issue against the defendant, jointly and severally, in that amount. Specifically the government seeks, the entry of a Order of money judgment pursuant

Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Next the government seeks to amend the Order, pursuant to Rule 32.2(e)(1)(B) to forfeit specific property of the Defendant, having a value up to the amount of the money judgment, as substitute assets.

In support of it's motion the government relies on 21 USCA § 853 (7)(p), forfeiture of substitute assets, and <u>United States v. Candelaria-Silva,</u> 166 F.3d 19 (1st Cir. 1999). However, in paragraph 7. of it's motion, the government plainly states;

"United States has not, as of this date, identified any other specific assets that constitute proceeds of the Defendants' illegal drug activity." However, this plain assertion is not sufficient to warrant forfeiture pursuant to (7)(p).

As stated above, § 853 (7)(p)(A) allows for forfeiture of substitute property when as a result of any act or omission of the defendant, said property cannot be located ***upon the exercise of due diligence***. (emphasis added) To obtain an order forfeiting property as a substitute asset, the government need only comply with the requirements of § 853(p). In particular, substitute assets may be forfeited if the government shows that, as a result of any act or omission of the defendant, the forfeitable property "(1) cannot be located upon the exercise of due diligence. <u>Candelaria-Silva,</u> id at 42.

In *Cadelaria-Silva*, the government moved for forfeiture pursuant to the Substitute Assets provision of §853 (p). Along with its motion the government submitted an affidavit outlining the government's efforts in trying to locate proceeds of the conspiracy and assets of the defendant. The Court specifically found that the government complied with §853(p) by submitting a motion and affidavit showing proceeds from the drug conspiracy would have been directly forfeitable under § 853(a). Further, the Court found that the affidavit showed Reyes-

4

Padilla had "dissipated or otherwise disposed of the proceeds of her drug trafficking," so that the proceeds could not, despite the exercise of due diligence, be located. Cadelaria-Silva id at 42.

Here that government fails to make the required showing that the defendant dissipated or disposed of the proceeds of drug trafficking *and* that after the exercise of due diligence, the proceeds or assets cannot be located. As stated earlier, the government simply states that it has not "identified" any other specific assets. The government makes no effort to show that it exercised due diligence in locating assets of the defendant. This alone cannot suffice to Order forfeiture pursuant to §853 (p).

Moreover, the evidence at trial revealed that the defendant was simply the driver for her husband, and did not have a large role in this offense. The probation department has indicated that the evidence supports the finding that the defendant was not part of the larger conspiracy to import amounts of marijuana into the United States and Massachusetts, but appeared to be simply an independent dealer that only purchased the drugs from individuals involved in the larger conspiracy.

Further, the record is devoid of any evidence that the defendant lived a lavish lifestyle, or profited from the enterprise in any way. In fact, the defendant owns two properties that she purchased in excess of fifteen (15) years ago. The Framingham property was purchased as a foreclosure for only $19,999.00. Even at such a modest price the defendant was required to execute a loan and mortgage on the property. The property in New Hampshire was purchased with her son for only $73,000.00, again requiring a loan and mortgage on the property. Moreover, the defendant has always, up to the time of her arrest, been employed. The defendant worked as a home health care worker and also supplemented her income helping install flooring

5

for her husband's company.

Again the evidence shows that the defendant's involvement is limited to driving the vehicle that had the marijuana contained in the back. This involvement coupled with her financial history, indicate that she did not profit from the criminal involvement.

Accordingly, as the government has failed to satisfy the requirements of §853 (p) an Order of Forfeiture in the form of a personal money judgment against the defendant should not issue. Moreover, as the defendant played only a small role in the enterprise along with the total lack of evidence showing the defendant had profited from the illegal drug activity, a forfeiture order is inappropriate.

> Respectfully Submitted
> Sandra Saunders
> By counsel,
>
> /s/ Carmine P. Lepore
> Carmine P. Lepore
> Lepore & Hochman
> One Sprague Street
> Revere, MA 02151
> (781) 286-8800
> BBO# 564603

Date: March 12, 2007

**CERTIFICATE OF SERVICE**

I, Carmine P. Lepore, hereby certify that the above document was filed through the Electronic Court Filing system on March 12, 2007.

> /s/ Carmine P. Lepore